```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------- X

GRETHEL MCDONALD,
                                                    SECOND AMENDED
                            Plaintiff,              COMPLAINT

        -against-
                                                    JURY TRIAL DEMANDED
THE CITY OF NEW YORK; and NYPD P.O. FELIX
MAK, SHIELD NO 19522; NYPD P.O. RYAN                20CV04614(MKB)(JRC)
HARKINS, SHIELD NO 10194; NYPD P.O.
BRIANA SURKO, SHIELD NO 9240; and LT.
GRIGORIY BARDASH; the individual
defendant(s) sued individually and in
their official capacities,

                            Defendants.

-------------------------------------- X
```

## PRELIMINARY STATEMENT

1. This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of her rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from an incident that took place on September 30, 2017. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, unlawful search and seizure, excessive force, false arrest, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks

compensatory and punitive damages from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and Richmond County is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

4.  Plaintiff GRETHEL MCDONALD is an African American female, who is a resident of the State of New York, Richmond County.

5.  At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

6.  At all times alleged herein, defendants NYPD P.O. FELIX MAK, SHIELD NO 19522; NYPD P.O. RYAN HARKINS, SHIELD NO 10194; NYPD P.O. BRIANA SURKO, SHIELD NO 9240; and LT. GRIGORIY BARDASH were New York City Police Officers employed with the

120th Precinct, located in Richmond County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

7. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On September 30, 2017 at and in the vicinity of Campbell Street, West Brighton, Richmond County, Staten Island, New York, and the 120th Precinct, Staten Island, New York, several police officers operating from the 120th Precinct, including, upon information and belief, NYPD P.O. FELIX MAK, SHIELD NO 19522; NYPD P.O. RYAN HARKINS, SHIELD NO 10194; NYPD P.O. BRIANA SURKO, SHIELD NO 9240; and LT. GRIGORIY BARDASH, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

9. On September 30, 2017, at approximately 1:00 a.m., at and in the vicinity of 173 Campbell Street, Richmond County, Staten Island New York, NYPD P.O. FELIX MAK, SHIELD NO 19522; NYPD P.O. RYAN HARKINS, SHIELD NO 10194; NYPD P.O. BRIANA SURKO, SHIELD NO 9240; and LT. GRIGORIY BARDASH, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, committed excessive force upon and unlawfully arrested plaintiff.

10. Plaintiff was at 173 Campbell Street, her bag was on the porch.

11. Plaintiff saw either NYPD P.O. FELIX MAK or his partner NYPD P.O. RYAN HARKINS unlawfully seize her bag and hold it.

12. Plaintiff asked for her bag.

13. Either NYPD P.O. RYAN HARKINS or NYPD P.O. FELIX MAK, told plaintiff she could not have her bag, and that she had to go to the precinct.

14. Plaintiff asked for her bag back, and told NYPD NYPD P.O. RYAN HARKINS and NYPD P.O. FELIX MAK, that they had no lawful right to take plaintiff's bag because it was on private property.

15. NYPD P.O. RYAN HARKINS or NYPD P.O. FELIX MAK then asked plaintiff for her identification card.

16. Plaintiff told NYPD P.O. RYAN HARKINS or NYPD P.O. FELIX MAK, that her identification card was in her purse.

17. NYPD P.O. RYAN HARKINS, searched plaintiff's bag, and told NYPD P.O. FELIX MAK, to write plaintiff a ticket.

18. NYPD P.O. RYAN HARKINS, and/or NYPD P.O. FELIX MAK then grabbed plaintiff.

19. NYPD P.O. RYAN HARKINS, and/or NYPD P.O. FELIX MAK slammed plaintiff to the ground.

4

20. NYPD P.O. RYAN HARKINS or NYPD P.O. FELIX MAK placed his knee on plaintiff's face.

21. NYPD P.O. RYAN HARKINS or NYPD P.O. FELIX MAK called claimant a bitch.

22. NYPD P.O. RYAN HARKINS, NYPD BRIANA SURKO, and NYPD P.O. FELIX MAK, assisted in this unlawful arrest.

23. NYPD P.O. FELIX MAK placed excessively tight handcuffs on plaintiff.

24. LT. GRIGORIY BARDASH, was present and supervised and approved this unlawful arrest.

25. Those officers who did not touch plaintiff failed to protect her from these unlawful acts.

26. NYPD P.O. RYAN HARKINS, NYPD BRIANA SURKO, and NYPD P.O. FELIX MAK then placed plaintiff in a police car.

27. NYPD P.O. RYAN HARKINS, and NYPD P.O. FELIX MAK took plaintiff to the 120th precinct.

28. Plaintiff was placed in a cell while her arrest was processed.

29. During this time, in order to cover up their illegal actions, NYPD P.O. FELIX MAK, pursuant to a conspiracy, falsely and maliciously told the Richmond County District Attorney's Office that plaintiff had committed various crimes.

30. Because there was no basis to arrest or prosecute plaintiff, the case against her terminated in her favor, when

5

all charges against her were dismissed on or about December 21, 2018.

31. After her arrest, and prior to the case being dismissed, plaintiff was forced to appear in court numerous times which constitute a constitutional deprivation of her liberty.

32. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

33. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

34. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

35. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said

6

defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

36. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

37. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

38. Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

## **FIRST CLAIM**

### **(FALSE ARREST UNDER FEDERAL LAW)**

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

41. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

**SECOND CLAIM**

**(UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

44. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

**THIRD CLAIM**

**(EXCESSIVE UNREASONABLE FORCE)**

45. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46. The individual defendants' use of force upon plaintiff was objectively unreasonable.

47. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

48. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

49. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant

to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. The individual defendants are liable to plaintiff for malicious prosecution because prior to any grand action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

52. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

53. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

54. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

55. Accordingly, Defendants are liable to Plaintiff for unlawful search and seizure under 42 U.S.C. § 1983 and the United States Constitution.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

58. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SIXTH CLAIM

### (MONELL CLAIM)

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

61. Defendants, individually and collectively, were acting under color of state law, as officers of the NYPD, when they carried out the acts complained of herein.

62. Defendant City of New York engages in a policy-in-practice, custom, usage, or practice, of subjecting citizens to excessive force.

63. The NYPD's practice and custom of officers unlawfully using excessive force is so persistent, widespread,

and pervasive as to constitute a custom or usage and imply the constructive knowledge or acquiescence of the City and its policymakers. The numerous instances of abuse, several of which are described in city agency reports, civilian lawsuits and complaints, and news articles, demonstrate that the City has been, or should have been, aware of the constitutional violations committed by the NYPD. The constitutional violations, predicated upon the Fourth and Fourteenth Amendment, are so numerous, persistent, and pervasive that the need for corrective action is obvious. The City's failure to take any such action, through training, enhanced supervision, diligent investigation, or meaningful punishment—in particular, disciplinary action that would deter future misconduct—constitutes deliberate indifference to the violations.

64. This deliberate indifference to the NYPD's widespread violations of constitutional rights can be considered a policy, practice, or custom of the City.

65. Additionally, the City knew, or should have known, of Defendants' Mak and Harkins propensity to engage in the type of misconduct alleged by Plaintiff. Despite the City's knowledge of their past misconduct and violence, the City and the NYPD failed to take any action to discipline Defendants Mak and Harkins or correct their behavior.

66. This is indicative of the City's policy, custom, usage, practice, and/or rule of displaying a willful indifference to the proper training, supervision, discipline, and retention of its employees.

67. The City's failure to train, supervise, investigate, and discipline NYPD officers amounts to deliberate indifference to the constitutional violations committed by the NYPD against individuals including Ms. McDonald. Defendant City's improper and inadequate policies, customs, usages, practices, rules and/or regulations were the direct and proximate cause of violations of Plaintiff's civil rights.

68. As a result of the violation of his civil rights, Plaintiff suffered significant physical and emotional pain, humiliation, and trauma.

69. Plaintiff seeks compensatory damages, punitive damages, and permanent injunctive relief from the City of New York.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

 a. Compensatory damages in an amount to be determined by a jury;

 b. Punitive damages in an amount to be determined by a jury;

      c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

      d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
              JUNE 24, 2022

ADAMS & COMMISSIONG LLP,
*Attorney for Plaintiff*
65 Broadway Suite 1603
New York, New York 10006
212-430-6590
martin@amcmlaw.com
By:

*/s/ Martin E. Adams*
_____
MARTIN E. ADAMS, ESQ.